**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ALARM.COM INCORPORATED and ICN ACQUISITION, LLC, | ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) CASE NO.: |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| IPDATATEL, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Pursuant to Section 1338 of Title 28 of the United States Code and Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs Alarm.com Incorporated ("Alarm.com") and ICN Acquisition, LLC ("ICN") allege for their Complaint against ipDatatel, LLC ("ipDatatel" or "Defendant"), on personal knowledge as to Alarm.com and ICN's own actions and on information and belief as to the actions of others, as follows:

1.      This Complaint arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction over this action under 35 U.S.C. § 271 *et seq.*, 28 U.S.C. §§ 1331 and 1338(a).

**THE PARTIES**

2.      Plaintiff Alarm.com is a Delaware corporation having its principal place of business at 8281 Greensboro Drive, Suite 100, Tysons, Virginia, 22102.

3.      Plaintiff ICN is a Delaware limited liability company having a registered agent at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

-1-

4.      Defendant ipDatatel is a Texas corporation having its principal place of business at 13110 Southwest Freeway, Sugar Land, Texas 77478.  On information and belief, ipDatatel may be served via its registered agent for service of process: Cynthia Moulton, 800 Taft Street, Houston, Texas, 77019.

## JURISDICTION AND VENUE

5.      The Court may exercise personal jurisdiction over Defendant because Defendant has continuous and systematic contacts with the State of Texas and does business in this District. In addition, Defendant has a regular and established place of business in this District.

6.      ipDatatel conducts business in this district by importing, marketing, offering for sale, and selling its infringing products in this District.  These infringing products include, but are not limited to, products that practice the subject matter of the Patents-in-Suit, including, without limitation, ipDatatel's alarm communicators, including but not limited to BAT LTE, BAT CDMA, BAT CDMA-WIFI, CAT CDMA, CAT XT, and BAT WIFI, ipDatatel's "SecureSmart Helix Platform," ipDatatel's  Cloud Video Services for IP Cameras, and ipDatatel's mobile applications, including but not limited to its "SecureSmart" alarm application for Android and iOS (collectively, "the Accused Products").  Various combinations of the aforementioned products are packaged and sold under a variety of service plans, including without limitation, "Alarm Transmission," "Alarm Notifications," "Interactive Services," and "Panel Downloading."

7.      ipDatatel offers home security services in this District that practice the subject matter of the Patents-in-Suit.

8.      Because Defendant has availed itself of the privileges of conducting business activities in this District, it is subject to personal jurisdiction in this District.

9.     Because Defendant conducts substantial business in this District, directly or through intermediaries, including by (i) representing, internally or externally, that Defendant has a presence in this District; (ii) deriving benefits from its presence in this District, including, without limitation, by deriving substantial revenue from goods and services provided to individuals in this District; and (iii) interacting in a targeted way with existing or potential customers, consumers, users, or entities within this District, venue is proper in this District.

10.     For at least the foregoing reasons, venue is proper in this judicial District pursuant to 28 U.S.C. § 1400(b).  ipDatatel is incorporated in the State of Texas and therefore resides in Texas for the purposes of venue.  Additionally, ipDatatel has a regular and established place of business in this District, has committed acts of patent infringement in this District, and continues to commit acts of infringement in this District.

## FACTUAL BACKGROUND

11.     Alarm.com and ICN bring this action to seek injunctive relief and damages arising out of Defendant's infringement of U.S. Patent Nos. 7,113,090; 7,633,385; 7,956,736; 8,478,871; and 9,141,276 (collectively, "the Patents-in-Suit").

## ALARM.COM

12.     Alarm.com is a leading technology provider for connected home services, from interactive security and remote video monitoring to energy management and home automation. Alarm.com's customers and partners use Alarm.com's products and technology in their home security, monitoring, management, and automation systems.  Alarm.com connects a broad array of smart devices into an integrated ecosystem (Figures 1 and 2), allowing easy access and control through the intuitive Alarm.com Smart Home Security App (Figure 3).  Alarm.com has

integrated a broad range of devices into its cloud-based platform, including smartphones, the Apple Watch, the Apple TV, and the Amazon Echo.



**Fig. 1.**



**Fig. 2.**



**Fig. 3.**

13.    Alarm.com's cloud-based technology platform and advanced wireless, mobile, and web-based solutions are sold, set up, and supported exclusively through a nationwide network of licensed and authorized Security and Smart Home service providers.

14.    Founded in 2000, Alarm.com revolutionized security by developing and launching the first wireless interactive security solution in 2003.  This innovative solution provided a new method of remotely monitoring and managing security systems in the home. Alarm.com remains a pioneer in the security and home automation field to this day.  Its first-to-market innovations include the use of dedicated wireless signaling that is fully integrated into the security control panel and eliminates the line-cutting vulnerability of landline-based security systems, cellular-based fully integrated two-way voice emergency response capability, alerting via text messages and email of non-alarm activity, the ability to raise an alarm condition even when an intruder destroys the physical alarm panel that generates the alarm signal, and home

security apps for major smartphone platforms that allow remote control of security systems from anywhere.

15.    Alarm.com's operations are global, currently spanning North America, South America, and Australia.  Through its award-winning and reliable technology and cloud services and expansive professional services network, Alarm.com provides a wide range of home and business solutions to millions of properties.  These solutions are used across tens of millions of devices and billions of data points.

**ICN**

16.    Plaintiff ICN is a wholly-owned subsidiary of Alarm.com and owner of several of the Patents-in-Suit.

**IPDATATEL**

17.    ipDatatel was founded in 2007 in Texas.  Genesis Park LP invested in ipDatatel in 2013.  ipDatatel is currently headquartered in Texas and offers products and services in all 50 states within the United States, including within the Eastern District of Texas.

18.    ipDatatel offers interactive security capabilities such as interactive home security, video monitoring, environment control, energy management, and alarm monitoring (Figure 4). ipDatatel offers software as a service ("SaaS") alarm transport and interactive services solutions (Figure 5).



**Fig. 4.**



**Fig. 5.**

19.     ipDatatel also engineers and manufactures Internet ready devices for home security, home automation, video monitoring, environment control, energy management, and alarm monitoring (Figure 6).  It offers hardwire, wireless, and universal broadband alarm transceivers that function with alarm panels to provide alarm monitoring communications to central stations, virtual keypads, and alarm monitoring notifications via text, email, and computerized voice call (Figures 7 and 8).  The company also operates data centers for Internet operations and applications.



**Fig. 6.**



**Fig. 7.**

ipDatatel's network is an IP based, cloud-hosted solution designed to deliver redundant, highly reliable and fast, two-way alarm signaling. Our network has been in operation for close to 10 years, is built to scale, and has proven to be highly reliable.

**DESIGN**

- Distributed computing
- Cloud based hosting with RackSpace and Amazon Web Services (AWS)
- Self Healing
- Redundant and resilient
- Over-the-Air device updates

**SECURITY**

- Mesh Trust Center (MTC)
- Load Balancing
- Network Communication Encryption
- End-Device Communication Encryption

**SIGNALS**

- Contact ID (CID) and Security Industry Association (SIA)
- Flexible Central Station signaling via IP to IP and/or PSTN
- Sur-Guard and XML protocols enabling easy adaptation to any Central stations
- Two-way communications between device and receivers

**NOTIFICATIONS**

- Utilizes Google Cloud Messaging (GCM) and Apple Push Notification Services (APN)

**Fig. 8.**

20.    ipDatatel devices provide a gateway for smart devices, to allow for control of thermostats, lighting, and door locks (Figure 9).



**Fig. 9.**

21.    ipDatatel markets its products through a network of alarm distributors in the United States.

**THE PATENTS-IN-SUIT**

22.    The Patents-in-Suit embody key innovations within the interactive security field.

23.    On September 26, 2006, the United States Patent and Trademark Office (the "USPTO") issued United States Patent No. 7,113,090 ("the '090 patent"), entitled "System and Method for Connecting Security Systems to a Wireless Device."  Alarm.com is the owner and assignee of all right, title, and interest in and to the '090 patent and holds the right to sue and

recover damages for infringement thereof, including past damages. A true and correct copy of the '090 patent is attached hereto as Exhibit 1.

24.     On December 15, 2009, the USPTO issued United States Patent No. 7,633,385 ("the '385 patent"), entitled "Method and System for Communicating With and Controlling an Alarm System From a Remote Server." Alarm.com's wholly owned subsidiary ICN is the owner and assignee of all right, title, and interest in and to the '385 patent and holds the right to sue and recover damages for infringement thereof, including past damages. A true and correct copy of the '385 patent is attached hereto as Exhibit 2.

25.     On June 7, 2011, the USPTO issued United States Patent No. 7,956,736 ("the '736 patent"), entitled "Method and System for Communicating With and Controlling an Alarm System From a Remote Server." Alarm.com's wholly owned subsidiary ICN is the owner and assignee of all right, title, and interest in and to the '736 patent and holds the right to sue and recover damages for infringement thereof, including past damages. A true and correct copy of the '736 patent is attached hereto as Exhibit 3.

26.     On July 2, 2013, the USPTO issued United States Patent No. 8,478,871 ("the '871 patent"), entitled "Gateway Registry Methods and Systems." Alarm.com's wholly owned subsidiary ICN is the owner and assignee of all right, title, and interest in and to the '871 patent and holds the right to sue and recover damages for infringement thereof, including past damages. A true and correct copy of the '871 patent is attached hereto as Exhibit 4.

27.     On September 22, 2015, the USPTO issued United States Patent No. 9,141,276 ("the '276 patent"), entitled "Integrated Interface For Mobile Device." Alarm.com's wholly owned subsidiary ICN is the owner and assignee of all right, title, and interest in and to the '276

patent and holds the right to sue and recover damages for infringement thereof, including past

damages.  A true and correct copy of the '276 patent is attached hereto as Exhibit 5.

28.    ipDatatel infringes one or more claims of the Patents-in-Suit, literally or under the

doctrine of equivalents, under 35 U.S.C. § 271(a)-(c), as alleged below.

### IPDATATEL'S KNOWLEDGE OF THE PATENTS-IN-SUIT

29.    For the reasons discussed herein, ipDatatel either had actual knowledge of the

Patents-in-Suit and/or their respective applications prior to this action or willfully blinded itself

to the existence of those patents.  In any event, ipDatatel had actual knowledge of the Patents-in-

Suit no later than the service of the Complaint in this action.

30.    Alarm.com's website (https://www.alarm.com/about/about.aspx) prominently

displays at least the '090, '385, '736, '871, and '276 patents.

31.    ipDatatel first obtained knowledge of the '090, '385, '736, '871, and '276 patents

prior to this action through the instances of direct competition between Alarm.com and ipDatatel

for dealer/service provider accounts, as well as the numerous interactions between the two

companies.  Alarm.com and ipDatatel have directly competed for one or more customer (service

provider) accounts.  During the process of this direct competition, ipDatatel learned of, or

willfully blinded itself to the existence of, the '090, '385, '736, '871, and '276 patents.

32.    ipDatatel independently learned about the Patents-in-Suit because it researched

Icontrol Networks, Inc. ("Icontrol"), the former owner of four of the Patents-in-Suit, the '385,

'736, '871, and '276 patents.  ipDatatel and Icontrol are both members of the Z-Wave Alliance.

ipDatatel researched Icontrol not only because of this mutual membership in the Z-Wave

Alliance, but moreover because in the past they directly competed for one or more customer

accounts.  ipDatatel affirmatively investigated Icontrol and its patent portfolio, at which time ipDatatel learned about at least the '385, '736, '871, and '276 patents.

33.     Icontrol's website (https://www.icontrol.com/patents/) prominently displayed at least the '385, '736, '871, and '276 patents.

34.     ipDatatel further independently learned about at least the '090 patent on account of a patent infringement lawsuit brought by Alarm.com on May 20, 2013, against Telular Corporation, a customer of Icontrol that involved the aforementioned patents.  *Alarm.com Incorporated v. Telular Corporation*, Case No. 1:13-cv-00890 (D. Del.).

35.     ipDatatel learned about the '871 patent in connection with a patent infringement lawsuit Alarm.com brought against Zonoff, Inc. on September 16, 2014 relating to the '871 patent, in addition to other patents related to the Patents-in-Suit, and a second lawsuit brought against Zonoff on November 30, 2015 relating to the '385, '736, and '276 patents.

36.     ipDatatel learned about the '090 and '385 patents in connection with a patent infringement lawsuit Alarm.com brought against SecureNet Technologies LLC and Protect America, Inc. on April 25, 2017 relating to the '090 and '385 patents.

37.     ipDatatel was aware of a publication by Imperial Capital entitled "Security Industry Monitor," dated March 2014.  That publication states that "IControl and Alarm.com Networks have been and remain from our past publications the best known companies providing interactive wireless software platforms to the security and cable-telecom industries."  (emphasis added).

38.     ipDatatel willfully blinded itself to the '090, '385, '736, '871, and '276 patents to the extent that it lacked affirmative knowledge of the Patents-in-Suit prior to this publication

and/or failed to investigate Icontrol and Alarm.com, two of the "best known" companies in the applicable industry.

39.     ipDatatel has known of the existence of the '090, '385, '736, '871, and '276 patents, and its acts of infringement have been willful and in disregard for the Patents-in-Suit, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

**FIRST CAUSE OF ACTION: INFRINGEMENT OF THE '090 PATENT**

40.     Alarm.com and ICN reallege and incorporate by reference the allegations of all the preceding paragraphs of the Complaint as though fully set forth herein.

41.     Alarm.com is the assignee and sole owner of all right, title, and interest in the '090 patent.

42.     Regarding infringement under 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe at least claim 36 of the '090 patent in this District and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States.  Further, end users of the Accused Products within the United States infringe at least claim 36 of the '090 patent in this District and elsewhere through their use of such Accused Products in accordance with the Defendant's design.  Alarm.com and ICN expect to assert additional claims of the '090 patent.

43.     Regarding infringement under 35 U.S.C. § 271(b), Defendant has caused, urged, encouraged and/or aided and continues to cause, urge, encourage, and/or aid third parties (*e.g.*, end users, retailers, service providers, consumer electronics OEMs, and system integrators) to directly infringe one or more claims of the '090 patent.  These actions include, but are not limited to: advertising the Accused Products and their infringing use; establishing distribution channels for these Accused Products in the United States; drafting, distributing, or making

available datasheets, instructions, or manuals for the Accused Products to Defendant's customers and prospective customers; and/or providing technical support or other services for the Accused Products to Defendant's customers and prospective customers. Defendant has taken these actions with full knowledge of the '090 patent, and acted with the specific intent to induce one or more of these third parties to infringe the '090 patent. These third-parties in fact have directly infringed the '090 patent by making, using, offering to sell, and/or selling products containing, using, or incorporating the Accused Products.

44.    Regarding infringement under 35 U.S.C. § 271(c), Defendant has contributed and continues to contribute to infringement by selling, offering to sell, and/or importing the Accused Products and related components to third parties (*e.g.*, end users, retailers, service providers, consumer electronics OEMs, and system integrators). These third parties then make, use, sell, or offer to sell products, devices, or systems that incorporate the Accused Products and related components and use the Accused Products and related components to practice the claimed inventions of the '090 patent. Thus, the Accused Products and their related components constitute material parts of the '090 patent. Moreover, the third parties' actions constitute direct infringement of the '090 patent.

45.    Defendant knows, for the reasons described above, that the Accused Products and related components are especially made and/or especially adapted for use in infringing the '090 patent. Moreover, these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use, at least because the Accused Products and related components have no use apart from making and/or using the inventions as claimed in the '090 patent. For example and without limitation, the Accused Products are used only in conjunction with or as part of the claimed apparatuses and methods.

46.    Unless enjoined by this Court, Defendant will continue to infringe the '090 patent, and Alarm.com and ICN will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Alarm.com and ICN are entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

47.    Defendant's infringement of the '090 patent has been, and continues to be knowing, intentional, and willful.

48.    Alarm.com and ICN have and will continue to suffer damages as a result of Defendant's infringement of the '090 patent, and are entitled to compensation for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

### SECOND CAUSE OF ACTION: INFRINGEMENT OF THE '385 PATENT

49.    Alarm.com and ICN reallege and incorporate by reference the allegations of all the preceding paragraphs of the Complaint as though fully set forth herein.

50.    Alarm.com's wholly owned subsidiary ICN is the assignee and sole owner of all right, title, and interest in the '385 patent.

51.    Regarding infringement under 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe at least claim 1 of the '385 patent in this District and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States. Further, end users of the Accused Products within the United States infringe at least claim 1 of the '385 patent in this District and elsewhere through their use of such Accused Products in accordance with the Defendant's design.  Alarm.com and ICN expect to assert additional claims of the '385 patent.

52.    Regarding infringement under 35 U.S.C. § 271(b), Defendant has caused, urged, encouraged and/or aided and continues to cause, urge, encourage, and/or aid third parties (*e.g.*,

end users, retailers, service providers, consumer electronics OEMs, and system integrators) to

directly infringe one or more claims of the '385 patent.  These actions include, but are not

limited to: advertising the Accused Products and their infringing use; establishing distribution

channels for these Accused Products in the United States; drafting, distributing, or making

available datasheets, instructions, or manuals for the Accused Products to Defendant's customers

and prospective customers; and/or providing technical support or other services for the Accused

Products to Defendant's customers and prospective customers.  Defendant has taken these

actions with full knowledge of the '385 patent, and acted with the specific intent to induce one or

more of these third parties to infringe the '385 patent.  These third-parties in fact have directly

infringed the '385 patent by making, using, offering to sell, and/or selling products containing,

using, or incorporating the Accused Products.

53.     Regarding infringement under 35 U.S.C. § 271(c), Defendant has contributed and

continues to contribute to infringement by selling, offering to sell, and/or importing the Accused

Products and related components to third parties (*e.g.*, end users, retailers, service providers,

consumer electronics OEMs, and system integrators).  These third parties then make, use, sell, or

offer to sell products, devices, or systems that incorporate the Accused Products and related

components and use the Accused Products and related components to practice the claimed

inventions of the '385 patent.  Thus, the Accused Products and their related components

constitute material parts of the '385 patent.  Moreover, the third parties' actions constitute direct

infringement of the '385 patent.

54.     Defendant knows, for the reasons described above, that the Accused Products and

related components are especially made and/or especially adapted for use in infringing the '385

patent.  Moreover, these components and apparatuses are not staple articles of commerce suitable

for substantial non-infringing use, at least because the Accused Products and related components have no use apart from making and/or using the inventions as claimed in the '385 patent.  For example and without limitation, the Accused Products are used only in conjunction with or as part of the claimed apparatuses and methods.

55.    Unless enjoined by this Court, Defendant will continue to infringe the '385 patent, and Alarm.com and ICN will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Alarm.com and ICN are entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

56.    Defendant's infringement of the '385 patent has been, and continues to be knowing, intentional, and willful.

57.    Alarm.com and ICN have and will continue to suffer damages as a result of Defendant's infringement of the '385 patent, and are entitled to compensation for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

### THIRD CAUSE OF ACTION: INFRINGEMENT OF THE '736 PATENT

58.    Alarm.com and ICN reallege and incorporate by reference the allegations of all the preceding paragraphs of the Complaint as though fully set forth herein.

59.    Alarm.com's wholly owned subsidiary ICN is the assignee and sole owner of all right, title, and interest in the '736 patent.

60.    Regarding infringement under 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe at least claim 1 of the '736 patent in this District and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States. Further, end users of the Accused Products within the United States infringe at least claim 1 of the '736 patent in this District and elsewhere through their use of such Accused Products in

accordance with the Defendant's design.  Alarm.com and ICN expect to assert additional claims of the '736 patent.

61.      Regarding infringement under 35 U.S.C. § 271(b), Defendant has caused, urged, encouraged and/or aided and continues to cause, urge, encourage, and/or aid third parties (*e.g.*, end users, retailers, service providers, consumer electronics OEMs, and system integrators) to directly infringe one or more claims of the '736 patent.  These actions include, but are not limited to: advertising the Accused Products and their infringing use; establishing distribution channels for these Accused Products in the United States; drafting, distributing, or making available datasheets, instructions, or manuals for the Accused Products to Defendant's customers and prospective customers; and/or providing technical support or other services for the Accused Products to Defendant's customers and prospective customers.  Defendant has taken these actions with full knowledge of the '736 patent, and acted with the specific intent to induce one or more of these third parties to infringe the '736 patent.  These third-parties in fact have directly infringed the '736 patent by making, using, offering to sell, and/or selling products containing, using, or incorporating the Accused Products.

62.      Regarding infringement under 35 U.S.C. § 271(c), Defendant has contributed and continues to contribute to infringement by selling, offering to sell, and/or importing the Accused Products and related components to third parties (*e.g.*, end users, retailers, service providers, consumer electronics OEMs, and system integrators).  These third parties then make, use, sell, or offer to sell products, devices, or systems that incorporate the Accused Products and related components and use the Accused Products and related components to practice the claimed inventions of the '736 patent.  Thus, the Accused Products and their related components

constitute material parts of the '736 patent. Moreover, the third parties' actions constitute direct infringement of the '736 patent.

63.     Defendant knows, for the reasons described above, that the Accused Products and related components are especially made and/or especially adapted for use in infringing the '736 patent. Moreover, these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use, at least because the Accused Products and related components have no use apart from making and/or using the inventions as claimed in the '736 patent. For example and without limitation, the Accused Products are used only in conjunction with or as part of the claimed apparatuses and methods.

64.     Unless enjoined by this Court, Defendant will continue to infringe the '736 patent, and Alarm.com and ICN will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Alarm.com and ICN are entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

65.     Defendant's infringement of the '736 patent has been, and continues to be knowing, intentional, and willful.

66.     Alarm.com and ICN have and will continue to suffer damages as a result of Defendant's infringement of the '736 patent, and are entitled to compensation for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION: INFRINGEMENT OF THE '871 PATENT**

67.     Alarm.com and ICN reallege and incorporate by reference the allegations of all the preceding paragraphs of the Complaint as though fully set forth herein.

68.     Alarm.com's wholly owned subsidiary ICN is the assignee and sole owner of all right, title, and interest in the '871 patent.

69.     Regarding infringement under 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe at least claim 15 of the '871 patent in this District and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States.  Further, end users of the Accused Products within the United States infringe at least claim 15 of the '871 patent in this District and elsewhere through their use of such Accused Products in accordance with the Defendant's design.  Alarm.com and ICN expect to assert additional claims of the '871 patent.

70.     Regarding infringement under 35 U.S.C. § 271(b), Defendant has caused, urged, encouraged and/or aided and continues to cause, urge, encourage, and/or aid third parties (*e.g.*, end users, retailers, service providers, consumer electronics OEMs, and system integrators) to directly infringe one or more claims of the '871 patent.  These actions include, but are not limited to: advertising the Accused Products and their infringing use; establishing distribution channels for these Accused Products in the United States; drafting, distributing, or making available datasheets, instructions, or manuals for the Accused Products to Defendant's customers and prospective customers; and/or providing technical support or other services for the Accused Products to Defendant's customers and prospective customers.  Defendant has taken these actions with full knowledge of the '871 patent, and acted with the specific intent to induce one or more of these third parties to infringe the '871 patent.  These third-parties in fact have directly infringed the '871 patent by making, using, offering to sell, and/or selling products containing, using, or incorporating the Accused Products.

71.     Regarding infringement under 35 U.S.C. § 271(c), Defendant has contributed and continues to contribute to infringement by selling, offering to sell, and/or importing the Accused Products and related components to third parties (*e.g.*, end users, retailers, service providers,

consumer electronics OEMs, and system integrators). These third parties then make, use, sell, or offer to sell products, devices, or systems that incorporate the Accused Products and related components and use the Accused Products and related components to practice the claimed inventions of the '871 patent. Thus, the Accused Products and their related components constitute material parts of the '871 patent. Moreover, the third parties' actions constitute direct infringement of the '871 patent.

72.    Defendant knows, for the reasons described above, that the Accused Products and related components are especially made and/or especially adapted for use in infringing the '871 patent. Moreover, these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use, at least because the Accused Products and related components have no use apart from making and/or using the inventions as claimed in the '871 patent. For example and without limitation, the Accused Products are used only in conjunction with or as part of the claimed apparatuses and methods.

73.    Unless enjoined by this Court, Defendant will continue to infringe the '871 patent, and Alarm.com and ICN will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Alarm.com and ICN are entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

74.    Defendant's infringement of the '871 patent has been, and continues to be knowing, intentional, and willful.

75.    Alarm.com and ICN have and will continue to suffer damages as a result of Defendant's infringement of the '871 patent, and are entitled to compensation for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION: INFRINGEMENT OF THE '276 PATENT

76.     Alarm.com and ICN reallege and incorporate by reference the allegations of all the preceding paragraphs of the Complaint as though fully set forth herein.

77.     Alarm.com's wholly owned subsidiary ICN is the assignee and sole owner of all right, title, and interest in the '276 patent.

78.     Regarding infringement under 35 U.S.C. § 271(a), Alarm.com and ICN are informed and believe, and thereon allege, that Defendant has infringed and continue to infringe at least claim 1 of the '276 patent in this District and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States.  Further, on information and belief, end users of the Accused Products within the United States infringe at least claim 1 of the '276 patent in this District and elsewhere through their use of such Accused Products in accordance with the Defendant's design. Alarm.com and ICN expect to assert additional claims of the '276 patent.

79.     Regarding infringement under 35 U.S.C. § 271(b), Alarm.com and ICN are informed and believe that Defendant has caused, urged, encouraged and/or aided and continues to cause, urge, encourage, and/or aid third parties (*e.g.*, end users, retailers, service providers, consumer electronics OEMs, and system integrators) to directly infringe one or more claims of the '276 patent.  These actions include, but are not limited to: advertising the Accused Products and their infringing use; establishing distribution channels for these Accused Products in the United States; drafting, distributing, or making available datasheets, instructions, or manuals for the Accused Products to Defendant's customers and prospective customers; and/or providing technical support or other services for the Accused Products to Defendant's customers and prospective customers.  On information and belief, Defendant has taken these actions with full

-23-

knowledge of the '276 patent, and acted with the specific intent to induce one or more of these third parties to infringe the '276 patent. On information and belief, these third-parties in fact have directly infringed the '276 patent by making, using, offering to sell, and/or selling products containing, using, or incorporating the Accused Products.

80.    Regarding infringement under 35 U.S.C. § 271(c), Alarm.com and ICN are informed and believe that Defendant has contributed and continues to contribute to infringement by selling, offering to sell, and/or importing the Accused Products and related components to third parties (*e.g.*, end users, retailers, service providers, consumer electronics OEMs, and system integrators). These third parties then make, use, sell, or offer to sell products, devices, or systems that incorporate the Accused Products and related components and use the Accused Products and related components to practice the claimed inventions of the '276 patent. Thus, the Accused Products and their related components constitute material parts of the '276 patent. Moreover, the third parties' actions constitute direct infringement of the '276 patent.

81.    Upon information and belief, Defendants know, for the reasons described above, that the Accused Products and related components are especially made and/or especially adapted for use in infringing the '276 patent. Moreover, these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use, at least because the Accused Products and related components have no use apart from making and/or using the inventions as claimed in the '276 patent. For example and without limitation, the Accused Products are used only in conjunction with or as part of the claimed apparatuses and methods.

82.    Alarm.com and ICN are informed and believe, and thereon allege, that unless enjoined by this Court, Defendants will continue to infringe the '276 patent, and Alarm.com and ICN will continue to suffer irreparable harm for which there is no adequate remedy at law.

Accordingly, Alarm.com and ICN are entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

83.    Alarm.com and ICN are informed and believe that Defendant's infringement of the '276 patent has been, and continues to be knowing, intentional, and willful.

84.    Alarm.com and ICN have and will continue to suffer damages as a result of Defendant's infringement of the '276 patent, and are entitled to compensation for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Alarm.com and ICN pray that this Court:

a.    Declare that Defendant has infringed one or more claims of each of the Patents-in-Suit;

b.    Permanently enjoin Defendant and its officers, agents, representatives, distributors, wholesalers, retailers, licensees, servants, employees, attorneys, successors, assigns, parent or subsidiary corporations, and affiliates, and all persons acting in active concert or participation with Defendant, from infringing, inducing others to infringe, or contributing to the infringement of the Patents-in-Suit;

c.    Award Alarm.com and ICN damages in an amount adequate to compensate Alarm.com and ICN for Defendant's acts of infringement, including without limitation on the basis of a reasonable royalty and for lost profits, together with interest thereon, in an amount to be proven at trial, in accordance with 35 U.S.C. §§ 154(d) and 284;

d.    Find that this case is exceptional and award Alarm.com and ICN an amount up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

e.     Find that this case is exceptional and award Alarm.com and ICN their respective costs and expenses for Defendant's infringement, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or other statutes;

f.     Award Alarm.com and ICN pre-judgment and post-judgment interest at the highest rates allowed by law; and

g.     Award Alarm.com and ICN any other relief, in law and in equity, to which the Court finds Alarm.com and ICN are justly entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Civil Rule CV-38 of the Local Rules of the United States District Court for the Eastern District of Texas, Alarm.com and ICN demand a trial by jury of this action.

Dated:  August 24, 2017

/s/: James C. Yoon

James C. Yoon (CA State Bar No. 177155)
jyoon@wsgr.com
Ryan R. Smith (CA State Bar No. 229323)
rsmith@wsgr.com
Mary Procaccio-Flowers (CA State Bar No. 286936)
mprocaccioflowers@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Fax: (650) 493-6811

Lisa D. Zang (*pro hac vice* to be submitted)
lzang@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
323-210-2900

**ATTORNEYS FOR PLAINTIFFS
ALARM.COM INCORPORATED AND
ICN** ACQUISITION, LLC