

**Timothy M. Sullivan**
*Partner*
timothy.sullivan@FaegreBD.com
Direct **+1 612 766 8409**

**Faegre Baker Daniels LLP**
2200 Wells Fargo Center ▾ 90 South Seventh Street
Minneapolis ▾ Minnesota 55402-3901
Main **+1 612 766 7000**
Fax **+1 612 766 1600**

January 3, 2019

**VIA ECF**

Chief Judge Lee H. Rosenthal
U.S. District Court, Southern District of Texas
515 Rusk Street
Houston, TX  77002

Re:   Alarm.com et al. v. ipDataTel (S.D. Tex. 4:18-cv-02108)

Dear Chief Judge Rosenthal:

This letter concerns the parties' recent supplemental briefing submitted at the Court's request. (Dkt. Nos. 126, 127, and 132.)  Plaintiffs' brief included references to an excerpt from the recent deposition of Dr. Jon Weissman, who provided expert testimony in support of ipDataTel's petition to the Patent Office for *inter partes* review of the '276 patent, among other patents.  (Dkt. No. 132 at 1-2; Dkt. No. 132-01.)  Dr. Weissman's deposition occurred after ipDataTel filed its supplemental brief (Dkt. No. 127), and thus was not addressed in ipDataTel's brief.

Plaintiffs' statement that Dr. Weissman "believes . . . that the '276 patent claims have discernable scope" (Dkt. No. 132 at 1) is contradicted by Dr. Weissman's recent deposition testimony, wherein he testified that "I believe that [synchronization to associate] is indefinite" (Ex. A at 54:10-14; *see also id.* at 68:4-69:9; 69:20-70:8; 72:20-73:13; 81:20-82:20).  Plaintiffs submitted only a single page of testimony from the deposition transcript in support of their recent supplemental briefing, which did not include the above testimony.  (*See* Dkt. No. 132-01.)  Accordingly, ipDataTel is submitting with this letter the full transcript of Dr. Weissman's deposition for the Court's benefit.

The full transcript submitted with this letter includes highlighting of the portions cited above, which expressly confirm that Dr. Weissman does not believe that the claims of the '276 patent have discernable scope.  Instead, Dr. Weissman testified that he agrees with the Court's and Dr. Engles' determination that the claims are indefinite, and that his task in preparing his expert declaration in support of ipDataTel's IPR petition was simply to adopt Plaintiffs' construction of "synchronization to associate" for purposes of assessing the validity of the claims of the '276 patent in view of the prior art, as ipDataTel explained in its supplemental brief.  (Dkt. No. 127 at 4.)

Chief Judge Lee H. Rosenthal -2- January 3, 2019

ipDataTel notes that both the Federal Circuit and PTAB have approved the approach ipDataTel has taken here—that is, adopting in an IPR petition a patentee's proposed claim constructions for purposes of presenting prior art invalidity arguments to the PTAB. For example, in *Spherix Inc. v. Matal*, 703 Fed. Appx. 982, 983 (Fed. Cir. 2017), the Federal Circuit affirmed the PTAB's prior art invalidity finding in an IPR where the petitioner "adopted the claim constructions [patentee] submitted to the district court." *See also Intel Corp. v. Alacritech, Inc.*, IPR2017-01391, 2017 WL 6209196, at *3 (PTAB Nov. 28, 2017) (instituting *inter partes review* where, "for purposes of this Decision, Petitioner 'applies the Patent Owner's district [court] construction'" and noting that "we do not agree with Patent Owner that Petitioner's contention that the term 'context for communication' is indefinite for purposes of a related proceeding 'should end the Board inquiry.'").

We thank the Court for its attention to this matter and are happy to provide further information if requested.

Sincerely,

*/s/ Tim Sullivan*

Timothy M. Sullivan


SULTM:norda

Enclosure

cc: All Counsel of Record