FaegreBD.com

**FAEGRE BAKER DANIELS**

USA ▾ UK ▾ CHINA

**Timothy M. Sullivan**
*Partner*
timothy.sullivan@FaegreBD.com
Direct **+1 612 766 8409**

Faegre Baker Daniels LLP
2200 Wells Fargo Center ▾ 90 South Seventh Street
Minneapolis ▾ Minnesota 55402-3901
Main **+1 612 766 7000**
Fax **+1 612 766 1600**

January 24, 2019

**VIA E-MAIL**

Chief Judge Lee H. Rosenthal
U.S. District Court, Southern District of Texas
515 Rusk Street
Houston, TX  77002

Re:   *Alarm.com Incorporated et al. v. ipDataTel, LLC*
      Civil Action No. 4:18-cv-02108 (S.D. Tex.)

Dear Chief Judge Rosenthal:

This letter supplements ipDataTel's recent supplemental briefing (Dkt. Nos. 126, 127, and 132).

Regarding the '276 patent, ipDataTel learned yesterday that on January 17, 2019, Plaintiffs submitted a "Certificate of Correction" to the Patent Office requesting that the claims of the '276 patent be altered such that the phrase "synchronization to associate" would be replaced with the phrase "an association to synchronize."  Plaintiffs' purported basis for seeking this alteration is "applicant error."  With this letter, ipDataTel submits Plaintiffs' Patent Office filings for the Court's reference. Exhibit A (attached hereto).  As to the merits of Plaintiffs' request to the Patent Office, the request is fatally deficient in terms of meeting the requirements for correction based on applicant error.  *See* 35 U.S.C. § 255 (providing for correction "[w]henever a mistake of a clerical or typographical nature, or of minor character" is made, the "mistake occurred in good faith," and the "correction does not involve such changes in the patent as would constitute new matter or would require re-examination.").

Plaintiffs' requested correction of the phrase "synchronization to associate"—which the Court determined rendered the '276 patent invalid for indefiniteness (Dkt. No. 122)—amounts to an admission that the '276 patent should be dismissed from the case.

Further, Plaintiffs have indicated to ipDataTel that their preferred path forward regarding the '276 patent is for the Court to stay the present litigation as to the '276 patent until the Patent Office acts on Plaintiffs' request for correction.  ipDataTel does not believe a stay would be appropriate for the reasons set forth above.  Dismissal with prejudice, rather than a stay, is appropriate.

Chief Judge Lee H. Rosenthal                    -2-                    January 24, 2019

Very truly yours,

/s/ *Tim Sullivan*

Timothy M. Sullivan
Partner

SULTM:norda

cc:     Counsel of record

Enclosures

US.121710099.01